GUILLERMO ORTIZ GUZMÁN, Petitioner and Appellee, v. RAMÓN AGUILÚ, TREASURER OF THE MUNICIPALITY OF COAMO, Respondent and Appellant.

No. 5425. Argued June 3, 1931.—Decided June 10, 1931.

*E. Ramos Antonini* for appellant.  *Leopoldo Tormes* and *Manuel A. Rivera* for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

Defendant in a mandamus proceeding appeals from an adverse judgment and says that the district court erred in overruling a motion to quash the writ. The question as presented in the brief for appellant does not demand serious consideration.

It may be conceded that the district judge erred, as alleged in the second assignment, in holding certain regulations concerning municipal accounting to be invalid. It does not follow that the judgment should be reversed.

The third contention is that the district court erred in overruling a special defense based upon a defect of parties defendant. The argument for appellant in support of this contention does not disclose when or how the special defense in question was pleaded, nor when or how it was overruled by the district judge.

A fourth contention is that the district court erred in admitting evidence contrary to certain receipts previously introduced in evidence by defendant and contrary to the regulations concerning municipal accounting. In none of the extracts from the stenographic record set forth in the brief for appellant do we find any reversible error.

The fifth assignment is that the court erred in admitting evidence upon the theory that a mandamus proceeding is a proceeding in equity. The error, if any, was harmless.

The sixth assignment is that the district court erred in finding that the evidence adduced at the trial was sufficient to

sustain the judgment rendered. The argument for appellant fails to establish the point so presented.

The seventh assignment goes to the question of costs, but we find no abuse of discretion in the award as made.

The final contention is that the judgment is inefficient in that it is impossible for defendant to comply therewith. The theory of defendant seems to be that it is impossible for him to deliver a check which was introduced by him in evidence and is now in the custody of the court. If the district court had denied a motion for an order directing the clerk to return the check in question to defendant for the purpose of enabling him to deliver the same to plaintiff as required by the writ of mandamus, the theory of appellant would be somewhat more plausible.

The judgment appealed from must be affirmed.